IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hayward Rogers, | ) C/A No.: 3:15-cv-03243-TMC-MGB |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Robert McDonald, *VA Secretary*; Laura H. Eskenazi, *VA Vice Chairman*; and Department of Veterans Affairs, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Hayward Rogers ("Plaintiff" or "Rogers"), a prisoner proceeding *pro se* and *in forma pauperis*, filed the instant suit against the Department of Veterans Affairs (the "Department") and two Department officials. (*See generally* Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends summarily dismissing Plaintiff's Complaint.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying

1

the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(I), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal.

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant action against the Department and two Department officials. (*See generally* Dkt. No. 1.) The case appears to arise out of a denial of benefits by the Secretary of the Department of Veterans' Affairs. (*See id.*) In the Complaint, Plaintiff states (verbatim),

2

> This matter comes from a 2007 and 2009 rating decisions of the Dept. of Veterans Affairs regional office in Columbia, S.C. that office denied the veteran's claims for service connection for P.T.S.D., lower back spine injury disability, right leg, right knee injury, and left leg injury, and loss of sense of taste and sense of smell.

(Dkt. No. 1 at 3 of 7.) Plaintiff alleges he made a disability claim with the Department which was initially denied; he appealed, and the Board of Veterans Appeals (the "Board") "remanded the case back to the Regional Office" on October 14, 2011, "for further development on the [Plaintiff's] claims." (*Id*.) Plaintiff states, "After almost a 3 year delay the Regional Office on May 9, 2014 presented false evidence, and misrepresented the actual facts." (*Id*.) According to Plaintiff, the Regional Office "misrepresent[ed] the facts in denial of [Plaintiff's] claim for service connected disability." (*Id*. at 4 of 7.) He complains that the Regional Office "has deliberately denied [Plaintiff] medical services" and "is deliberately denying [him] due process of veterans' rights by discrimination because [he] is incarcerated." (*Id*.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks the following (verbatim):

> Declaratory relief, declaring defendants acts and omissions in violations of the Department of Veterans Administration ("38 C.F.R.") or Title 38 of the Code of Federal Regulations.
> Injunctive relief, enjoining that defendants comply with Title 38 of the Code of Federal Regulations, compel Defendant McDonald to provide due process protection to the [Plaintiff], representation to represent the veteran, sanction all other party to cease any further unnecessary in deciding his appeal, and to investigate any further abuse, or misconduct during the process of the Plaintiff's case, to compel partys to provide the veteran immediate medical care for the veteran, and those members of his approved dependants, and compel any immediate medical care for the veterans P.T.S.D. that has been diagnosed with multiple mental disorders, and have scheduled an emergency P.T.S.D., and any other medical examinations that is

3

> needed for the Plaintiff, and misconduct by any party is to be sanctioned as deemed proper by the Court. Jury trial demanded.

(Dkt. No. 1 at 7 of 7.)

## DISCUSSION

As noted above, the instant lawsuit appears to arise out of a denial of benefits by the Secretary of the Department of Veterans' Affairs; Plaintiff's claims are merely a challenge to the disability determination of the Department and the Board. (*See generally* Compl.) Title 38, United States Code, Section 511 sets out the general rule that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's benefits decisions are subject to judicial review, but only in the United States Court of Appeals for Veterans Claims. *Id*. § 511(b)(4); *see also* 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). As explained in *Cooper v. Department of Veteran Affairs*, Civ. A. No. 3:08-cv-394-RJC, 2009 WL 2020794 (W.D.N.C. July 6, 2009),

> Pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans Appeals, which is the division within VA responsible for deciding appeals from decisions on claims for veterans' benefits. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.101(a). The Board of Veterans' Appeals' decision may be appealed by the claimant to the [United States Court of Appeals for Veterans Claims], pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c), 7292.

*Cooper*, 2009 WL 2020794, at *5 n.3.

Simply put, this Court does not have jurisdiction over the instant action. *See* 38 U.S.C. § 7252(a); *see also Univ. of Md. v. Cleland*, 621 F.2d 98, 100 (4th Cir. 1980) ("Judicial review of a denial of benefits to an individual is clearly precluded."); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Zuspann challenged the individual denial of benefits in his case. That Zuspann couches his challenge to the benefits determination in constitutional terms does not remove it from § 511's preclusion of judicial review of benefits decisions."); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("Although Sugrue's complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992) (finding federal courts are precluded from hearing claims seeking a particular type of medical care, "even if draped in constitutional terms"); *Corson v. Sec'y of Veterans Affairs*, Civ. A. No. 1:09CV49, 2010 WL 532382, at *11 (N.D.W. Va. Feb. 8, 2010) (dismissing action against the Secretary of Veterans Affairs where the plaintiff's " claims are in substance nothing more than a challenge to the underlying benefits decision" (internal quotation marks omitted)).

Because this Court does not have jurisdiction over the instant action, the undersigned recommends summarily dismissing Plaintiff's Complaint.

**RECOMMENDATION**

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 10, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).